COPY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

AUG 15 2024

BY Gaspar Ambriz Medina, Deputy

Karabed Mikaelian, Esq. (SBN 344212)
**APEX INJURY ATTORNEYS, INC.**
2540 Foothill Blvd., Suite 201
La Crescenta, CA 91214
Telephone: 818 230-8380
Facsimile: 818 230-0308

*Attorney for Plaintiff, MARTHA LIDIA PHILLIPS*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| MARTHA LIDIA PHILLIPS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE MEMBERSHIP, INC.; COSTCO WHOLESALE CORPORATION; and DOES 1 to 50, inclusive<br><br>Defendants. | Case No.: CIVRS 2400596<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. NEGLIGENCE<br>2. PREMISES LIABILITY<br><br>**AMOUNT DEMANDED EXCEEDS $35,000**<br><br>**JURY TRIAL REQUESTED** |

BY FAX

**INTRODUCTORY STATEMENT**

COMES NOW Plaintiff, MARTHA LIDIA PHILLIPS("PLAINTIFF"), for his unlimited jurisdiction Complaint against Defendants, COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation; COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1 to 50, inclusive (hereinafter referred to as DEFENDANT(S)), alleges as follows:

///

///

///

## JURISDICTION AND VENUE

1. This court has personal jurisdiction and venue over this action that DEFENDANTS, and each of them, either reside in or have their principal place of business in the County of San Bernardino, State of California, the activities alleged in this action occurred within the City of Rancho Cucamonga, within the County of San Bernardino, State of California, and that PLAINTIFF's demand exceeds $35,000.00.

## GENERAL ALLEGATIONS

**(By Plaintiffs Against All Defendants and Does 1-50, Inclusive)**

2. PLAINTIFF was and is, at all times relevant herein, an individual residing in the City of Rancho Cucamonga, County of San Bernardino, State of California.

3. Defendants, COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation; COSTCO WHOLESALE CORPORATION, a Washington Corporation, were and are, at all times relevant herein, Corporations, authorized to conduct business under the laws of the State of California.

4. PLAINTIFF is ignorant of the true names and capacities of defendants sued herein as DOES 1 to 50, inclusive, whether individual, corporate, associate or otherwise, and therefore sues these defendants by these fictitious names. PLAINTIFF will amend her Complaint to allege their true names and capacities when reasonably ascertained. Each reference in this Complaint to defendant or defendants, or a specifically named defendant refers also to all these defendants sued under fictitious names. DOE 1 and DOE 2 were/are employees residing in the State of California.

5. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named defendants are negligent or otherwise are responsible in some manner for the events and happenings herein referred to, in this Complaint, and that such negligence or other misconduct has proximately caused injury and damages to PLAINTIFF.

6. At all times herein mentioned, each defendant was the agent, servant, alter ego, and/or employee of each other defendant, and in carrying out the activities alleged herein, was acting within the course and scope of such agency, contract, and employment.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

(Alleged by PLAINTIFF Against All DEFENDANTS)

7. On or about Sunday, September 11, 2022, PLAINTIFF, was an invitee at Defendants COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation; COSTCO WHOLESALE CORPORATION, a Washington Corporation, where Defendants COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation; COSTCO WHOLESALE CORPORATION, a Washington Corporation; and Does 1-50, inclusive owned, rented, leased, managed, supervised, operated, secured, maintained, inspected, repaired and/or controlled the premises.

8. On or about Sunday, September 11, 2022, a male employee of Defendants, COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation; COSTCO WHOLESALE CORPORATION, a Washington Corporation, who resides/resided in the State of California at the time of the incident, known as Doe 1, was managing shopping carts owned by Defendants in order to move, collect and relocate them

from the designated areas to other locations situated at the front of the Defendants' COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation; COSTCO WHOLESALE CORPORATION, a Washington Corporation premises for purposes of having invitees such as PLAINTIFF utilize them when going about their daily shopping tasks inside the premises. On the date of the incident, PLAINTIFF was at the main entrance of the store with her shopping cart, when suddenly and without her prior knowledge, DOE 1 pushing a collection of approximately twenty carts pushed said carts and struck the PLAINTIFF from behind thereby causing PLAINTIFF to instantaneously feel the pain caused by such incident resulting in her nearly falling to the ground.

9. As a result of the incident, PLAINTIFF soon found out that she had extreme difficulty in walking properly because of the pain to her ankle and knee region among other pains she was experiencing. DOE 1 apologized to PLAINTIFF for the incident caused by him and walked away while PLAINTIFF was pleading for help from DOE 1 due to the extreme pain she was experiencing and noticed immediate inflammation as to the affected areas. PLAINTIFF was ignored for a period of time until another employee of Defendants came inquired about the situation. PLAINTIFF asked for the manager of the premises, known as DOE 2, who resides/resided in the State of California at the time of the incident, who refused to fill out n incident report or provide a copy of an incident report to the PLAINTIFF. In addition, DOE 2 refused to provide medical assistance or call on support to aid PLAINTIFF after the incident.

10. After the date of the incident, PLAINTIFF's daughter called the premises to inquire about why no assistance was provided

to PLAINTIFF and the filing of an incident report. After a period of approximately a week after the incident and consistent inquiries from PLAINTIFF and daughter, an incident report was filed.

11. As a direct and legal result of the carelessness, negligence and conscious disregard of DEFENDANTS and each of them, Plaintiff sustained injuries as a direct result of DOE 1 and the negligent supervision, care, supervision, and undertaking by DOE 2.

12. The aforementioned negligence, carelessness and conscious disregard of DEFENDANTS and each of them, was a substantial factor in bringing about Plaintiff's injuries.

13. PLAINTIFF's injuries were directly and legally caused by the negligent failure and conscious disregard of the DEFENDANTS and each of them, to take reasonable care to ensure the management of the carts by DOE 1 would not come into contact with PLAINTIFF and thereby initiate the incident. PLAINTIFF's injuries were further directly and legally caused by the negligent failure and conscious disregard of said DEFENDANTS, and each of them, to supervise, control, and prevent, the incident from occurring.

14. As a direct and proximate result of the conduct of the DEFENDANTS, and each of them, PLAINTIFF has suffered and continues to suffer physical injury, mental stress, emotional distress, anxiety, annoyance and discomfort, and lost income, all to PLAINTIFF's damage in an amount to be proven at trial, but within an amount that is within the jurisdictional requirements of this Court.

///

///

///

**SECOND CAUSE OF ACTION**

**PREMISES LIABILITY**

(Alleged by PLAINTIFF Against All DEFENDANTS)

19. Plaintiff incorporate all allegations above as if fully set forth herein.

20. Plaintiff incorporate all allegations above as if fully set forth herein.

21. On or about Sunday, September 11, 2022, Defendants COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation; COSTCO WHOLESALE CORPORATION, a Washington Corporation, where Defendants COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation; COSTCO WHOLESALE CORPORATION, a Washington Corporation; and Does 1-50, inclusive, carelessly and negligently owned, rented, managed, leased, supervised, inspected, operated, maintained and/or controlled the premises located at 11800 Fourth St, Rancho Cucamonga, CA 91730, County of San Bernardino, California such that it was in a dangerous, defective and unsafe condition in conscious disregard for the risk of harm to invitees thereon. By reason of said carelessness, negligence and conscious disregard of the DEFENDANTS, and each of them, said premises were unsafe and dangerous to the general public and specifically PLAINTIFF.

22. Defendants COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation; COSTCO WHOLESALE CORPORATION, a Washington Corporation, where Defendants COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation; COSTCO WHOLESALE CORPORATION, a Washington Corporation; and Does 1-50, inclusive, and each of them,

failed to warn Plaintiff of said dangerous, defective and unsafe condition, although said DEFENDANTS, and each of them, knew of said condition as DOE 1 facilitated the dangerous condition to take place on the premises and ultimately cause injuries to PLAINTIFF.

23. As a direct and legal result of said carelessness, negligence and conscious disregard of Defendants JOHNNY'S BAR and Does 31-50, inclusive, and each of them, Plaintiff, was injured when he got stabbed by Doe 1 as the legal result of the dangerous, hazardous and unsafe condition of the premises through the improper control of property owned, operated, or leased by DEFENDANTS. Said DEFENDANTS, and each of them, in allowing the premises to be in a dangerous condition, legally caused Plaintiff to suffer said injuries.

24. As a direct and proximate result of the conduct of the DEFENDANTS, and each of them, PLAINTIFF has suffered and continues to suffer physical injury, mental stress, emotional distress, anxiety, annoyance and discomfort, and lost income, all to PLAINTIFF's damage in an amount to be proven at trial, but within an amount that is within the jurisdictional requirements of this Court determined at trial.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1. Special damages in a sum to be proven at the time of trial;
2. General Damages in a sum to be proven at the time of trial;

3. Costs of suit incurred herein; and

4. Such other and further relief as the Court may deem just and proper.

DATED: August 14, 2024,

**APEX INJURY ATTORNEY, INC.**

Karabed Mikaelian, Esq.
Attorney for Plaintiff