Namvar A. Mokri, Bar No. 184912
Jennifer M. Damon, Bar No. 115963
Oliver P. Lasley Jr., Bar No. 120816
**MOKRI VANIS & JONES LLP**
4100 Newport Place Drive, Suite 840
Newport Beach, CA 92660
Tel: 949.226.7040 | F: 949.226.7150
E: nmokri@mvjllp.com; jdamon@mvjllp.com;
 olasley@mvjllp.com

Attorneys for Defendants,
COSTCO WHOLESALE MEMBERSHIP, INC. and
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| MARTHA LIDIA PHILLIPS, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE MEMBERSHIP, INC.; COSTCO WHOLESALE CORPORATION; and DOES 1 to 50, inclusive,<br><br>   Defendant(s). | Case No. 5:25-cv-02145 MCS (MAAx)<br>[Assigned to District Judge Mark C. Scarsi and Magistrate Judge Maria A. Audero]<br><br>**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION; DECLARATIONS OF JENNIFER and LEIGH ANN RUIJTERS IN SUPPORT THEREOF** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Pursuant to this Court's order to show cause as to why the current action should not be dismissed for lack of subject matter jurisdiction [Dkt. 11], issued on August 25, 2025, Defendants COSTCO WHOLESALE MEMBERSHIP, INC. ("CWMI") and COSTCO WHOLESALE CORPORATION ("Costco") (collectively "Defendants"), by and through its counsel, hereby submits the following Memorandum of Points and Authorities, and Jennifer M. Damon, in response to the Court's Order to Show Cause

-1-

("OSC") for why the matter should not be remanded for lack of subject matter due to issues of diversity for CWMI and the amount in controversy.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

This action arises as a result of plaintiff MARTHA LIDIA PHILLIPS being hit by carts while allegedly shopping at the Rancho Cucamonga Costco warehouse on September 11, 2022. Plaintiff filed this lawsuit on August 15, 2024 in the superior court of California, County of San Bernardino, case number CIVRS 2400596, less than a month before the expiration of the applicable two-year statute of limitations. The complaint states causes of action for negligence and premises liability against Costco Wholesale Membership, Inc. ("CWMI") and Costco Wholesale Corporation ("Costco"). As to both it was alleged that they owned, rented, leased, managed, supervised, operated, secured, maintained, inspected, repaired and/or controlled the premises where the incident occurred, and that their "employee" struck plaintiff with carts.

This court has indicated that the case should be remanded based on lack of subject matter jurisdiction. However, as set forth below, Costco can establish that both prongs of subject matter jurisdiction have been satisfied.

### II.    FRAUDULENT JOINDER EXISTS AS PLAINTIFF IS UNABLE TO ESTABLISH A CAUSE OF ACTION AGAINST COSTCO WHOLESALE MEMBERSHIP INC.

While it is admitted that CWMI and plaintiff are not diverse, removal based on diversity jurisdiction is still proper as CWMI is in essence a sham defendant named solely to defeat diversity, and plaintiff has not and cannot by amendment state a cause of action against them.

-2-

DEFENDANTS' RESPONSE TO OSC RE REMAND

As noted by this Court, there are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). Under the second prong, "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[,]" then "the defendant's presence in the lawsuit is ignored for purposes of determining diversity[.]" *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001).

In the present action, plaintiff filed a complaint alleging causes of action for negligence and premises liability due to an incident when an alleged Costco employee on the premises of the Rancho Cucamonga warehouse pushed shopping carts into her causing injury. Plaintiff conclusory alleges that both Costco Membership and Costco Wholesale "owned, rented, leased, managed, supervised, operated, secured, maintained, inspected, repaired and/or controlled" the Rancho Cucamonga store premises. (Complaint ¶7) and that their employee was pushing the carts that caused the injury (Complaint ¶8).

Under California law, "[t]he elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Ct.*, 1 Cal. 5th 1132, 210 Cal. Rptr. 3d 283, 384 P.3d 283, 300 (Cal.2016). "[A] defendant generally does not have an affirmative duty to protect others when he or she has not created the peril or increased the risk of danger." *Moses v. Roger-McKeever*, 91 Cal.App.5th 172, 178-179, 308 Cal. Rptr. 3d 149 (Cal.Ct.App.2023). Thus "a defendant cannot be held liable for the defective or dangerous condition of property which it does not own, possess, or control. *Id*. at 179.

Here, the Plaintiff is unable to establish a cause of action against defendant Costco Membership. See *Moses*, 91 Cal. App.5th at 179. On the contrary, as stated specifically in the declaration of Leigh Ann Ruijters, Costco Membership is a separate and distinct entity from defendant Costo, and does not own, rent or lease the premises, does not

-3-

DEFENDANTS' RESPONSE TO OSC RE REMAND

employ, manage, or supervise work at the premises, does not control, inspect or repair the premises at the Rancho Cucamonga store and maintains no employees at Costco warehouses. (Decl. Leigh Ann Ruijters, ¶¶2-7) Absent such facts, Plaintiff cannot establish a cause of action for negligence or premises liability against Defendant Costco Membership, and it would not be possible for plaintiff to amend their complaint with additional allegations that could support a claim for negligence or premises liability. See *Navarro v. Costco Wholesale Corp*. No. CV20-2146-VAP-ASx.2020 U.S. Dist. LEXIS 87275, 2020 WL 2521270 at *3 (C.D.Cal. May 18, 2020) (finding fraudulent joinder in premises liability action against defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc. where evidence determined that Costco Wholesale Membership, Inc. was a separate entity that did not own, lease, operate or manage the premises at issue, or employ any persons thereon. *Holliday v. Costco Wholesale Corp*. No.CV22-1106-SVW-RAOx,2020 U.S.Dist.LEXIS 58518, 2020 WL 1638607, at *2 (C.D.Cal.Apr.2, 2020)(finding fraudulent joinder in premises liability action against defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc. where evidence established Costco Wholesale Membership, Inc. did not "maintain any control over the premises where the alleged injury occurred").

     Absent the ability to "establish a cause of action against the non-diverse party in state court, Costco Wholesale Membership Inc. was not properly joined, and lack of diversity with Costco Wholesale Membership, Inc. can be ignored such that the first prong of subject matter jurisdiction is satisfied.

### III. THE MATTER IN CONTROVERSY EXCEEDS THE SUM OF $75,000

     A district court has diversity jurisdiction over any civil action between citizens of different states as long as the amount in controversy exceeds $75,000, excluding interest and costs. 28 USC §1332.

Here, as set forth in the declaration of Jennifer M. Damon, plaintiff is claiming damages well in excess of the $75,000 requirement. Specifically, on August 22, 2025, plaintiff provided Defendants with responses to form interrogatories and responses to requests for production of documents. (Decl. of Jennifer M. Damon ¶4 ) In these responses, plaintiff reported that to date she has treated with 14 different medical providers incurring medical specials of $168,818.71 for medical treatment that included surgery consisting of lumbar laminectomies at L4-5. (Decl. of Jennifer M. Damon ¶ 5). Based on these recent answers, the second prong of subject matter jurisdiction has been satisfied.

## IV.   CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this Court discharge the OSC, and maintain jurisdiction of this matter pursuant to 28 U.S.C. Sections 1332 and 1441. However, if, and <u>only if</u>, Plaintiff changes her position and is willing to submit to a <u>binding</u> stipulation limiting her potential recovery to an amount less than $75,0000, exclusive of interest and costs, Defendants remain willing to negotiate a stipulation to remand the matter, <u>but only under that condition</u>.

**MOKRI VANIS & JONES, LLP**

Dated: ***                           By: _____

Namvar A. Mokri
Jennifer M. Damon
Oliver P. Lasley
Attorneys for Defendants, COSTCO WHOLESALE MEMBERSHIP, INC. and COSTCO WHOLESALE CORPORATION

# DECLARATION OF JENNIFER M. DAMON

I, Jennifer M. Damon, declare:

1. I am an attorney licensed to practice in the State of California and admitted to practice before the United States District Court for the Central District of California. I am an attorney at the law firm of Mokri, Vanis & Jones, LLP, counsel for Defendants COSTCO WHOLESALE MEMBERSHIP, INC. ("CWMI") and COSTCO WHOLESALE CORPORATION ("Costco") (collectively "Defendants"), in this action. The following is based on my personal knowledge and if called as a witness, I could and would testify competently thereto.

2. On August 15, 2024, plaintiff Martha Lidia Phillips filed an action against Costco Wholesale Membership Inc.; Costco Wholesale Corporation; and DOES 1 to 50, inclusive. The complaint sets forth two causes of action, negligence and premises liability. The complaint states that Costco Wholesale Membership Inc. is a California Corporation, while Costco Wholesale is identified accurately as a Washington Corporation. The complaint does not differentiate the two entities in terms of responsibilities, claiming that both "owned, rented, leased, managed, supervised, operated, secured, maintained, inspected, repaired and/or controlled the premises" Complaint, p.3 ¶7. Plaintiff further contends that " a male employee of defendants"… pushed shopping carts into her causing injury. ¶8. A true and correct copy of the Complaint is attached as **Exhibit A [Dkt. 1-1]**.

3. On September 19, 2024, Defendants Costco Wholesale Membership, Inc. and Costco Wholesale Corporation filed an answer to the complaint asserting an affirmative defense of failure to state a cause of action. Answer, p. 4, ¶14. A true and correct copy of the Answer is attached as **Exhibit B [Dkt. 1-4]**.

4. On June 23, 2025, Defendants served discovery on plaintiff which included form interrogatories and a Request for Production of documents. Responses were forthcoming from plaintiff on August 22, 2025.

DEFENDANTS' RESPONSE TO OSC RE REMAND

5. In response to form interrogatory 6.4, plaintiff identified 14 medical providers from whom she has received care in relation to injuries sustained in the incident. (A true and correct copy of the interrogatories and responses are attached as **Exhibit C**). Medical billing for each of these providers was also included in response to Form Interrogatory 6.4. In response to the Request for Production of Documents, plaintiff submitted a chart specifically delineating her medical expenses.( A copy of the cover sheet to the responses to request for production and the chart produced therein are attached as **Exhibit D**.) As of the date of the answers to discovery plaintiff identified medical specials of $168,818.71 which includes charges for lumbar L4-5 laminectomies.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August 29, 2025, at Newport Beach, California.

Jennifer M. Damon, Declarant

# CERTIFICATE OF SERVICE

**Case Name:** *Phillips, Martha Lidia v. Costco Wholesale Membership, Inc., et al.,*
**Case No.:** 5:25-cv-02145

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action or proceeding. I am employed in the County of Orange, State of California where the mailing occurs and my business address is 4100 Newport Place Drive, Suite 840, Newport Beach, CA 92660.

On August 29, 2025, I caused to be served the following document(s):

**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION; DECLARATIONS OF JENNIFER and LEIGH ANN RUIJTERS IN SUPPORT THEREOF**

on the interested parties in this action by:

__X__ ELECTRONIC SERVICE: I caused electronic service of the document(s) described above to the person(s) and email addresses identified below to the e-mail address as shown, on the date listed below. A true copy of the above-described document(s) was transmitted by electric transmission through the United States District Court **CM/ECF** program, which will send notification(s) of such filing.

__X__ ONLY BY ELECTRONIC TRANSMISSION: I transmitted the document(s) described above to the person(s) and email addresses identified below pursuant to California Rules of Court. [CRC Rule 2.251(b)(c)(3)]

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on August 29, 2025, at Newport Beach, California.

OLIVIA TERRAZAS

-8-

DEFENDANTS' RESPONSE TO OSC RE REMAND

-9-

DEFENDANTS' RESPONSE TO OSC RE REMAND


# SERVICE LIST

| | |
|---|---|
| Erik C. Alberts, Esq.<br>Steven B. Sarshik, Esq.<br>APEX INJURY ATTORNEYS, INC.<br>101 N. Brand Blvd., Suite 602<br>Glendale, CA 91203-2687<br>T: (818) 230-8380 \| F: (818) 230-0308<br>E: erik@apexinjury.law;<br>steve@apexinjury.law<br>cc: Alvina Arakelian, Paralegal:<br>alvina@apexinjury.law;<br>Desiree Townsend, Paralegal:<br>dtownsend@apexinjury.law | *Attorneys for Plaintiff, MARTHA LIDIA PHILLIPS* |

MOKRI VANIS & JONES, LLP
4100 NEWPORT PLACE DRIVE, SUITE 840
NEWPORT BEACH, CA 92660
949.226.7040 | F: 949.226.7150

DEFENDANTS' RESPONSE TO OSC RE REMAND