Case 5:25-cv-02102-MCS-DAA Document 14 Filed 08/15/25 Page 1 of 9 Page ID #:119

Electronically Filed
Superior Court of California
County of San Bernardino
Rancho Cucamonga District
9/19/2024 2:10 PM
By: Makeda Joyeux, DEPUTY

1  Namvar A. Mokri, Bar No. 184912
   nmokri@mvjllp.com
2  Daniel J. McKenzie, Bar No. 249610
   dmckenzie@mvjllp.com
3  **MOKRI VANIS & JONES LLP**
   4100 Newport Place Drive, Suite 840
4  Newport Beach, CA 92660
   Tel: 949.226.7040 | F: 949.226.7150

Attorneys for Defendants,
COSTCO WHOLESALE MEMBERSHIP, INC. and COSTCO
 WHOLESALE CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO – RANCHO CUCAMONGA COURTHOUSE

| | |
|---|---|
| MARTHA LIDIA PHILLIPS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE MEMBERSHIP, INC.; COSTCO WHOLESALE CORPORATION; and DOES 1 to 50, inclusive,<br><br>Defendant(s). | Case No. CIVRS2400596<br>Assigned to Hon. Kory Mathewson, Dept. R12<br><br>**DEFENDANT, COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed: August 15, 2024<br>Trial Date:           Not Yet Assigned |

Defendant, COSTCO WHOLESALE CORPORATION hereby responds to Plaintiff. MARTHA LIDIA PHILLIPS's ("Plaintiff") Complaint ("Complaint") for itself alone, and for no other defendant as follows:

1. The Complaint in the above-captioned matter being unverified, and pursuant to §431.30 of the *Code of Civil Procedure*, defendant denies generally and specifically, each and every allegation of plaintiff's Complaint, and denies that plaintiff suffered damages in any sum.

///
///
///
///

-1-

ANSWER TO COMPLAINT

# FIRST AFFIRMATIVE DEFENSE

(Civil Code 1431.2)

2. Defendant's liability for non-economic damages, if any, is limited to that percentage of those damages which are in direct proportion to Defendant's percentage of fault in accordance with *Civil Code* section 1431.2(a).

# SECOND AFFIRMATIVE DEFENSE

(Failure to Exercise Ordinary Care)

3. Plaintiff's cause of action for General Negligence is barred or her recovery should be diminished because the alleged damage was caused by the Plaintiff's failure to exercise ordinary care on her own behalf for her own safety.

# THIRD AFFIRMATIVE DEFENSE

(Assumption of Risk)

4. At the time and place referred to in the Complaint, and before such event, Plaintiff knew or should have known the risk involved in placing herself in the position which she then assumed, and voluntarily assumed such risk, including, but not limited to, the risk of suffering personal bodily injury.

# FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

5. Plaintiff has failed to mitigate the damages, if any, which Plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

///

///

///

## FIFTH AFFIRMATIVE DEFENSE

(No Proximal Cause / Fault of Others)

6. Plaintiff's causes of action for General Negligence and Premises Liability are barred or Plaintiff's recovery should be reduced because any injuries or damages were proximately caused by the negligence and other legal fault of persons or entities other than Defendant.

## SIXTH AFFIRMATIVE DEFENSE

(No Notice)

7. At all times pertinent to the Complaint, Defendant did not have any knowledge of any peculiar susceptibility of Plaintiff to damage or injury from emotional distress.

## SEVENTH AFFIRMATIVE DEFENSE

(Acts of Others)

8. The damages sustained by Plaintiff, if any, were proximately caused by the acts, omissions, negligence, fraud and/or breach of obligations by persons other than Defendant and beyond Defendant's supervision and control.

## EIGHTH AFFIRMATIVE DEFENSE

(Unavoidable Incident)

9. The damages sustained by Plaintiff, if any, was the result of an unavoidable accident insofar as Defendant is concerned, and occurred without any negligence, want of care, default, or other breach of duty to Plaintiff on the part of Defendant.

## NINTH AFFIRMATIVE DEFENSE

(Not Reasonably Foreseeable)

10. The injury to Plaintiff did not occur in a way which was reasonably foreseeable as a consequence of the alleged dangerous condition of the property.

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Sufficient Notice)

11. Defendant did not have actual or constructive notice of the dangerous condition a sufficient time before the accident within which measures could have been taken to protect against the dangerous condition.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Trivial Risk)

12. The condition of the property which allegedly resulted in the injury claimed by Plaintiff creates a minor, trivial, or insignificant risk of injury.

**TWELFTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

13. The causes of action alleged in the Complaint are barred by the applicable statutes of limitations, including, but not limited to, the provisions of *Code of Civil Procedure* sections 335-349.4.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

14. Plaintiff's Complaint, and each and every portion thereof, fails to set forth facts sufficient to constitute a viable cause of action as against this answering Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Estoppel)

15. That, by virtue of Plaintiff's own acts, representations, and conduct, Plaintiff is estopped from asserting any claims against this answering Defendant.

///

///

///

## FIFTEENTH AFFIRMATIVE DEFENSE

(Waiver)

16. That, by virtue of Plaintiff's own acts, representations, and conduct, Plaintiff has waived any right to assert any claims against this answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Comparative Negligence / Apportionment)

17. Any damages claimed by Plaintiff were caused in part or in total by the negligence of others and therefore any recovery from this Defendant must be apportioned pursuant to *Civil Code* sections 1431, 1432.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Superseding Causation)

18. Any damage proven to have been sustained by Plaintiff was the direct and proximate result of the independent and superseding actions of Plaintiff and other persons or parties, and not due to any act or omission on the part of this Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Open and Obvious Condition)

19. Defendant is informed and believes that if any dangerous condition existed, which Defendant denies, the conditions of the premises were open and obvious such that the condition itself served as a warning to Plaintiff and Defendant had no further duty to remedy the condition or warn Plaintiff, thus barring recovery of any damages from Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

20. Defendant is informed and believes, and thereon alleges, that Plaintiff lacks the capacity and/or standing to sue which bars the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

(Indispensable Parties)

21. Defendant alleges that the purported claims and causes of action contained in the Complaint require for their full, final and complete resolution and adjudication, the presence of additional necessary and/or indispensable parties that are not participating in this action, thereby prejudicing this answering Defendant such that any recovery by Plaintiff as against this answering Defendant should be barred or diminished.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Prior Warning)

22. Defendant is informed and believes that Plaintiff was warned of all particular risks that were known or knowledgeable in light of the generally recognized and prevailing knowledge at the time of Plaintiff's entry and stay upon the subject property such that Plaintiff is barred from recovery of any damages from Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Laches)

23. This answering Defendant is informed and believes and thereon alleges that Plaintiff has unreasonably delayed in filing their Complaint and in notifying this answering Defendant of the alleged harm and damages, and the basis for the causes of action alleged against, them, all of which has unduly and severely prejudiced this answering Defendant in its defense of the action, thereby barring or diminishing Plaintiff's recovery herein under the doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Compliance with Applicable Standard of Care)

24. This answering Defendant is informed and believes and thereon alleges that this answering Defendant, at all times alleged by Plaintiff, complied with the standard of care to this

answering Defendant's industry at the times and locations of the alleged services, if any, rendered by this answering Defendant, thereby barring and/or precluding Plaintiff from recovery herein.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

25. This answering Defendant is informed and believes and thereon alleges that by virtue of Plaintiff's unlawful, immoral, careless, negligent and/or other wrongful or improper conduct, Plaintiff should be barred from recovery against this answering Defendant by the equitable doctrine of unclean hands.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Reservation of Other Affirmative Defenses)

26. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates such would be appropriate.

WHEREFORE, this answering Defendant prays for judgment as follows:

1. That judgment be entered in favor of Defendant, COSTCO WHOLESALE CORPORATION and that the Complaint herein be dismissed with prejudice;

2. That Defendant, COSTCO WHOLESALE CORPORATION be awarded its costs of suit incurred herein, including attorneys' fees to the extent allowed by law; and

3. That Defendant, COSTCO WHOLESALE CORPORATION be awarded such other and further relief as the Court may deem just and proper.

**MOKRI VANIS & JONES, LLP**

Dated: September 19, 2024      By: /s/ *Daniel J. McKenzie*
                                   Namvar A. Mokri
                                   Daniel J. McKenzie
                                   Attorneys for Defendants, COSTCO
                                   WHOLESALE MEMBERSHIP, INC. and
                                   COSTCO WHOLESALE CORPORATION

# PROOF OF SERVICE

**Case Name:** *Phillips, Martha Lidia v. Costco Wholesale Membership, Inc., et al.,*
**San Bernardino County Court (Rancho Cucamonga) Case No.: CIVRS2400596**

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action or proceeding. I am employed in the County of Orange, State of California where the mailing occurs and my business address is 4100 Newport Place Drive, Suite 840, Newport Beach, CA 92660.

On September 19, 2024, I caused to be served the following document(s):

**DEFENDANT, COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the interested parties in this action by:

____ BY MAIL: I further declare that I am readily familiar with the firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure section 1013(a). I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

__X__ ELECTRONIC SERVICE: I caused the document(s) described above to be sent from e-mail address oterrazas@mvjllp.com to the persons at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. [CRC Rule 2.251(b)(c)(3)]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 19, 2024, at Newport Beach, California.

_____
OLIVIA TERRAZAS

-8-

ANSWER TO COMPLAINT

**SERVICE LIST**

| Karabed H. Mikaelian, Esq.<br>APEX INJURY ATTORNEYS, INC.<br>2540 Foothill Blvd., Suite 201<br>La Crescenta, CA 91214-4583<br>T: (818) 230-8380 | F: (818) 230-0803<br>E: Gary@apexinjury.law<br>cc: Roxy Murillo, Sr. Case Manager:<br>roxy@apexinjury.law | *Attorneys for Plaintiff, MARTHA LIDIA PHILLIPS* |
|---|---|