**DISC-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 249610 |
|---|---|

NAME: Daniel J. McKenzie, Esq.

FIRM NAME: MOKRI VANIS & JONES, LLP

STREET ADDRESS: 4100 Newport Place Drive, Suite 840

CITY: Newport Beach     STATE: CA     ZIP CODE: 92660

TELEPHONE NO.: (949) 226-7040     FAX NO.: (949) 226-7150

EMAIL ADDRESS: dmckenzie@mvjllp.com

ATTORNEY FOR *(name):* Defendant, COSTCO WHOLESALE CORPORATION

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO

SHORT TITLE OF CASE:
Martha Lidia Phillips v. Costco Wholesale Corporation

| **FORM INTERROGATORIES—GENERAL** | CASE NUMBER:<br>CIVRS2400596 |
|---|---|
| **Asking Party:** Costco Wholesale Corporation | |
| **Answering Party:** Plaintiff, Martha Lidia Phillips | |
| **Set No.:** One | |

**Sec. 1. Instructions to All Parties**

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2. Instructions to the Asking Party**

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $35,000. Separate interrogatories, *Form Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $35,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions–Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____     _____
*(Date)*                                        *(SIGNATURE)*

**Sec. 4. Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a)  *(Check one of the following):*

☒ (1) **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

**Page 1 of 8**

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2024]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710
*www.courts.ca.gov*

DISC-001

**(2) INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(d) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e) **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(f) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]* Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

[x] 1.1 State the name, **ADDRESS,** telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

**2.0 General Background Information individual—**

[x] 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

[x] 2.2 State the date and place of your birth.

[x] 2.3 At the time of the **INCIDENT,** did you have a driver's license? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

[x] 2.4 At the time of the **INCIDENT,** did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

[x] 2.5 State:
(a) your present residence **ADDRESS;**
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS.**

[x] 2.6 State:
(a) the name, **ADDRESS,** and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS,** dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

[x] 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

[x] 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

[x] 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

[x] 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

DISC-001

[x] 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:

(a)  the name, **ADDRESS,** and telephone number of that **PERSON;** and

(b)  a description of your duties.

[x] 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:

(a)  the name, **ADDRESS,** and telephone number;

(b)  the nature of the disability or condition; and

(c)  the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

[x] 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:

(a)  the name, **ADDRESS,** and telephone number;

(b)  the nature or description of each substance;

(c)  the quantity of each substance used or taken;

(d)  the date and time of day when each substance was used or taken;

(e)  the **ADDRESS** where each substance was used or taken;

(f)  the name, **ADDRESS,** and telephone number of each person who was present when each substance was used or taken; and

(g)  the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

### 3.0  General Background Information—Business Entity

[ ] 3.1 Are you a corporation? If so, state:

(a)  the name stated in the current articles of incorporation;

(b)  all other names used by the corporation during the past 10 years and the dates each was used;

(c)  the date and place of incorporation;

(d)  the **ADDRESS** of the principal place of business; and

(e)  whether you are qualified to do business in California.

[ ] 3.2 Are you a partnership? If so, state:

(a)  the current partnership name;

(b)  all other names used by the partnership during the past 10 years and the dates each was used;

(c)  whether you are a limited partnership and, if so, under the laws of what jurisdiction;

(d)  the name and **ADDRESS** of each general partner; and

(e)  the **ADDRESS** of the principal place of business.

[ ] 3.3 Are you a limited liability company? If so, state:

(a)  the name stated in the current articles of organization;

(b)  all other names used by the company during the past 10 years and the date each was used;

(c)  the date and place of filing of the articles of organization;

(d)  the **ADDRESS** of the principal place of business; and

(e)  whether you are qualified to do business in California.

[ ] 3.4 Are you a joint venture? If so, state:

(a)  the current joint venture name;

(b)  all other names used by the joint venture during the past 10 years and the dates each was used;

(c)  the name and **ADDRESS** of each joint venturer; and

(d)  the **ADDRESS** of the principal place of business.

[ ] 3.5 Are you an unincorporated association? If so, state:

(a)  the current unincorporated association name;

(b)  all other names used by the unincorporated association during the past 10 years and the dates each was used; and

(c)  the **ADDRESS** of the principal place of business.

[ ] 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:

(a)  the name;

(b)  the dates each was used;

(c)  the state and county of each fictitious name filing; and

(d)  the **ADDRESS** of the principal place of business.

[ ] 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:

(a)  identify the license or registration;

(b)  state the name of the public entity; and

(c)  state the dates of issuance and expiration.

### 4.0  Insurance

[x] 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:

(a)  the kind of coverage;

(b)  the name and **ADDRESS** of the insurance company;

(c)  the name, **ADDRESS,** and telephone number of each named insured;

(d)  the policy number;

(e)  the limits of coverage for each type of coverage con-tained in the policy;

(f)  whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

(g)  the name, **ADDRESS,** and telephone number of the custodian of the policy.

[x] 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

### 5.0  *[Reserved]*

### 6.0  Physical, Mental, or Emotional Injuries

[x] 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

[x] 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

DISC-001

[x] 6.3 Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:

(a) a description;

(b) whether the complaint is subsiding, remaining the same, or becoming worse; and

(c) the frequency and duration.

[x] 6.4 Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:

(a) the name, **ADDRESS,** and telephone number;

(b) the type of consultation, examination, or treatment provided;

(c) the dates you received consultation, examination, or treatment; and

(d) the charges to date.

[x] 6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:

(a) the name;

(b) the **PERSON** who prescribed or furnished it;

(c) the date it was prescribed or furnished;

(d) the dates you began and stopped taking it; and

(e) the cost to date.

[x] 6.6 Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:

(a) the nature;

(b) the date;

(c) the cost; and

(d) the name, **ADDRESS,** and telephone number of each provider.

[x] 6.7 Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:

(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**

(b) the complaints for which the treatment was advised; and

(c) the nature, duration, and estimated cost of the treatment.

## 7.0 Property Damage

[x] 7.1 Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**? If so, for each item of property:

(a) describe the property;

(b) describe the nature and location of the damage to the property;

(c) state the amount of damage  you  are  claiming  for  each item of property and how the amount was calculated; and

(d) if the property was sold, state the name, **ADDRESS,**  and telephone number of the seller, the date of sale, and the sale price.

[x] 7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;

(b) the name, **ADDRESS,** and telephone number  of each **PERSON** who has a copy of it; and

(c) the amount of damage stated.

[x] 7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:

(a) the date repaired;

(b) a description of the repair;

(c) the repair cost;

(d) the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it; and

(e) the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

## 8.0 Loss of Income or Earning Capacity

[x] 8.1 Do you attribute any loss of income or earning capacity to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

[x] 8.2 State:

(a) the nature of your work;

(b) your job title at the time of the **INCIDENT;** and

(c) the date your employment began.

[x] 8.3 State the last date before the **INCIDENT** that you worked for compensation.

[x] 8.4 State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

[x] 8.5 State the date you returned to work at each place of employment following the **INCIDENT.**

[x] 8.6 State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

[x] 8.7 State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

[x] 8.8 Will you lose income in the future as a result of the **INCIDENT?** If so, state:

(a) the facts on which you base this contention;

(b) an estimate of the amount;

(c) an estimate of how long you will be unable to work; and

(d) how the claim for future income is calculated.

DISC-001

**9.0  Other Damages**

☒ 9.1 Are there any other damages that you attribute to the **INCIDENT?** If so, for each item of damage state:

(a)  the nature;

(b)  the date it occurred;

(c)  the amount; and

(d)  the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

☒ 9.2 Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**10.0  Medical History**

☒ 10.1 At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:

(a)  a description of the complaint or injury;

(b)  the dates it began and ended; and

(c)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

☒ 10.2 List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT. )*

☒ 10.3 At any time after the **INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a)  the date and the place it occurred;

(b)  the name, **ADDRESS,** and telephone number of any other **PERSON** involved;

(c)  the nature of any injuries you sustained;

(d)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and

(e)  the nature of the treatment and its duration.

**11.0  Other Claims and Previous Claims**

☒ 11.1 Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a)  the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;

(b)  the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c)  the court, names of the parties, and case number of any action filed;

(d)  the name, **ADDRESS,** and telephone number of any attorney representing you;

(e)  whether the claim or action has been resolved or is pending; and

(f)  a description of the injury.

☒ 11.2 In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

(a)  the date, time, and place of the **INCIDENT** giving rise to the claim;

(b)  the name, **ADDRESS,** and telephone number of your employer at the time of the injury;

(c)  the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;

(d)  the period of time during which you received workers' compensation benefits;

(e)  a description of the injury;

(f)  the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and

(g)  the case number at the Workers' Compensation Appeals Board.

**12.0  Investigation—General**

☒ 12.1 State the name, **ADDRESS,** and telephone number of each individual:

(a)  who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**

(b)  who made any statement at the scene of the **INCIDENT;**

(c)  who heard any statements made about the **INCIDENT** by any individual at the scene; and

(d)  who **YOU OR ANYONE ACTING ON YOUR  BEHALF** claim has knowledge of the **INCIDENT**  (except for expert witnesses covered by Code of Civil Procedure section 2034).

☒ 12.2 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:

(a)  the name, **ADDRESS,** and telephone number of the individual interviewed;

(b)  the date of the interview; and

(c)  the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

☒ 12.3 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT?** If so, for each statement state:

(a)  the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;

(b)  the name, **ADDRESS,** and telephone number of the individual who obtained the statement;

(c)  the date the statement was obtained; and

(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

DISC-001

[x] 12.4 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

[x] 12.5 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT?** If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

[x] 12.6 Was a report made by any **PERSON** concerning the **INCIDENT?** If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

[x] 12.7 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

**13.0 Investigation—Surveillance**

[x] 13.1 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

[x] 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

**14.0 Statutory or Regulatory Violations**

[x] 14.1 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

[x] 14.2 Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0 Denials and Special or Affirmative Defenses**

[ ] 15.1 Identify each denial of a material allegation and each special or affirmative defense in your pleadings, and for each:

(a) state all facts on which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**16.0 Defendant's Contentions—Personal Injury**

[ ] 16.1 Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) state all facts on which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[ ] 16.2 Do you contend that plaintiff was not injured in the **INCIDENT?** If so:

(a) state all facts on which you base your contention;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

DISC-001

☐ 16.3 Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a) identify it;

(b) state all facts on which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.4 Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a) identify each service;

(b) state all facts on which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.5 Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;

(b) state all facts on which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.6 Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a) identify each part of the loss;

(b) state all facts on which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON**  who has each **DOCUMENT** or thing.

☐ 16.7 Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a) identify each item of property damage;

(b) state all facts on which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.8 Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;

(b) state all facts on which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.9 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each **DOCUMENT;**

(b) the date each claim arose;

(c) the nature of each claim; and

(d) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

☐ 16.10 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER;**

(b) a description of each **DOCUMENT**; and

(c) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**17.0 Responses to Request for Admissions**

☒ 17.1 Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;

(b) state all facts on which you base your response;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0** *[Reserved]*

**19.0** *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

☐ 20.1 State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

☐ 20.2 For each vehicle involved in the **INCIDENT,** state:

(a) the year, make, model, and license number;

(b) the name, ADDRESS, and telephone number of  the driver;

DISC-001

(c) the name, **ADDRESS,** and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS,** and telephone number of each registered owner;

(e) the name, **ADDRESS,** and telephone number of each lessee;

(f) the name, **ADDRESS,** and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT,** and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT.**

20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT.**

20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

20.7 Was there a traffic signal facing you at the time of the **INCIDENT?** If so, state:

(a) your location when you first saw it;

(b) the color;

(c) the number of seconds it had been that color; and

(d) whether the color changed between the time you first saw it and the **INCIDENT.**

20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:

(a) just before the **INCIDENT;**

(b) at the time of the **INCIDENT;** and

(c) just after the **INCIDENT.**

20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT?** If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

20.11 State the name, **ADDRESS,** and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT.**

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

50.1 For each agreement alleged in the pleadings:

(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**

(b) state each part of the agreement not in writing, the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;

(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**

(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**

(e) state each modification not in writing, the date, and the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;

(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT.**

50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

50.5 Is any agreement alleged in the pleadings unenforce-able? If so, identify each unenforceable agreement and state why it is unenforceable.

50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

Erik Alberts, Esq.
APEX INJURY ATTORNEYS, INC.
101 N Brand Blvd., Suite 1900
Glendale, CA 91203
T: (818) 230-8380 | F: (818) 230-0803
ealberts@apexinjury.law

Attorneys for Plaintiff
MARTHA LIDIA PHILLIPS

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO – RANCHO CUCAMONGA COURTHOUSE

| | |
|---|---|
| MARTHA LIDIA PHILLIPS, an individual, <br> Plaintiff, <br> vs. <br> COSTCO WHOLESALE MEMBERSHIP, INC.; <br> COSTCO WHOLESALE CORPORATION; and DOES 1 to 50, inclusive, <br><br> Defendants. | Case No. CIVRS2400596 <br><br> **PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY:    Defendant, COSTCO WHOLESALE CORPORATION

RESPONDING PARTY:    Plaintiff, MARTHA LIDIA PHILLIPS

SET NUMBER:    ONE

Plaintiff, MARTHA LIDIA PHILLIPS, by and through his attorneys of record, hereby provides the following responses to the Form Interrogatories, Set One propounded by Defendant, COSTCO WHOLESALE CORPORATION. Said Responses are given without prejudice as to discovery of further and new information.

– 1 –

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

# INTRODUCTORY STATEMENT

The party responding to this discovery does so based upon incomplete investigation and discovery. Therefore, this responding party reserves the right to supplement, alter or amend any of the responses provided herein based upon subsequently developed information and/or evidence. However, this responding party does not stipulate that this discovery is "continuing" in nature, thereby requiring a supplementation at a later time. The responses contained herein are made in a good faith effort to supply as much factual information, and as much specification of legal contentions, as is presently known, but should in no way be to the prejudice of the responding party in relation to further discovery, research or analyses.

With these introductory comments incorporated within each and every response provided herein, answering Plaintiff responds as follows:

# RESPONSES

**FORM INTERROGATORY 1.1**

State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE TO FORM INTERROGATORY 1.1**

Erik Alberts, Esq., 101 North Brand Blvd., #1900, Glendale, CA 91203;

Tel: (818) 230-8380

**FORM INTERROGATORY 2.1**

State:

a)      your name;

b)      every name you have used in the past; and

c)      the dates you used each name.

**RESPONSE TO FORM INTERROGATORY 2.1**

(a)      Martha Lidia Phillips.

(b)      Martha Lidia Vargas.

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

(c)      Martha Lidia Vargas from 06-01-1962 to 1991; Martha Lidia Phillips from 1991
to present

**FORM INTERROGATORY 2.2**

State the date and place of your birth.

**RESPONSE TO FORM INTERROGATTORY 2.2**

06-01-1962 in Honduras

**FORM INTERROGATORY 2.3**

At the time of the INCIDENT, did you have a driver's license? If so state:

a)      the state or other issuing entity;

b)      the license number and type;

c)      the date of issuance; and

d)      all restrictions

**RESPONSE TO FORM INTERROGATORY 2.3**

a)      California;

b)      D2407889; Class C

c)      09/25/2018

d)      None

**FORM INTERROGATORY 2.4**

At the time of the INCIDENT, did you have any other permit or license for the operation
of a motor vehicle? If so, state:

a)      the state or other issuing entity;

b)      the license number and type;

c)      the date of issuance; and

d)      all restrictions.

**RESPONSE TO FORM INTERROGATORY 2.4**

No.

**FORM INTERROGATORY 2.5**

State:

– 3 –

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

1      a)     your present residence ADDRESS;

2      b)     your residence ADDRESSES for the past five years; and

3      c)     the dates you lived at each ADDRESS

4  **RESPONSE TO FORM INTERROGATORY 2.5**

5      a-c)    11563 Russet Pl. Adelanto CA 92301; Plaintiff does not recall the exact dates

6

7  **FORM INTERROGATORY 2.6**

8      State:

9      a)     the name, ADDRESS, and telephone number of your present employer or place of

10  self-employment; and

11      b)     the name, ADDRESS, dates of employment, job title, and nature of work for each

12  employer or self-employment you have had from five years before the INCIDENT until today.

13  **RESPONSE TO FORM INTERROGATORY 2.6**

14      a-b)    Job Title: Certified Nurse Assistant – IHSS, 11563 Russet Pl., Adelanto CA

15  92301

16      Plaintiff does not recall the exact dates when she started her employment

17  **FORM INTERROGATORY 2.7**

18      State:

19      a)     the name and ADDRESS of each school or other academic or vocational

20  institution you have attended, beginning with high school;

21      b)     the dates you attended;

22      c)     the highest grade level you have completed; and

23      d)     the degrees received.

24  **RESPONSE TO FORM INTERROGATORY 2.7**

25      Palomar College; 1140 W Mission Rd, San Marcos, CA 92069 From 1990 to 1991;

26  English classes.

27  **FORM INTERROGATORY 2.8**

28      Have you ever been convicted of a felony? If so, for each conviction state:

– 4 –

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

a)      the city and state where you were convicted;

b)      the date of conviction;

c)      the offense; and

d)      the court and case number

**RESPONSE TO FORM INTERROGATORY 2.8**

No.

**FORM INTERROGATORY 2.9**

Can you speak English with ease? If not, what language and dialect do you normally use?

**RESPONSE TO FORM INTERROGATORY 2.9**

No. Spanish.

**FORM INTERROGATORY 2.10**

Can you read and write English with ease? If not, what language and dialect do you normally use?

**RESPONSE TO FORM INTERROGATORY 2.10**

No. Spanish.

**FORM INTERROGATORY 2.11**

At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state:

a)      the name, ADDRESS, and telephone number of that PERSON; and

b)      a description of your duties.

**RESPONSE TO FORM INTERROGATORY 2.11**

No

**FORM INTERROGATORY 2.12**

At the time of the INCIDENT did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the INCIDENT? If so, for each person state:

a)      the name, ADDRESS, and telephone number;

b)      the nature of the disability or condition; and

– 5 –

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

c)      the manner in which the disability or condition contributed to the occurrence of the INCIDENT.

**RESPONSE TO FORM INTERROGATORY 2.12**

No as to the Responding Party.

**FORM INTERROGATORY 2.13**

Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:

a)      the name, ADDRESS, and telephone number;

b)      the nature or description of each substance;

c)      the quantity of each substance used or taken;

d)      the date and time of day when each substance was used or taken;

e)      the ADDRESS where each substance was used or taken;

f)      the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken; and

g)      the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**RESPONSE TO FORM INTERROGATORY 2.13**

a-g)  No.

**FORM INTERROGATORY 4.1**

At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so, for each policy state:

a)      the kind of coverage:

b)      the name and ADDRESS of the insurance company;

c)      the name, ADDRESS, and telephone number of each named insured;

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

d)      the policy number;

e)      the limits of coverage for each type of coverage contained in the policy;

f)      whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

g)      the name, ADDRESS, and telephone number of the custodian of the policy.

**RESPONSE TO FORM INTERROGATORY 4.1**

a)  Health Insurance.

b)  Medicare;

c)  Plaintiff;

d)  3Y42-PD8-VT97

e)  Not applicable

f)  No

g)  Not applicable

**FORM INTERROGATORY 6.1**

Do you attribute any physical, mental, or emotional injuries to the INCIDENT? (If your answer is "no," do not answer interrogatories 6.2 through 6.7).

**RESPONSE TO FORM INTERROGATORY 6.1**

Yes.

**FORM INTERROGATORY 6.2**

Identify each injury you attribute to the INCIDENT and the area of your body affected.

**RESPONSE TO FORM INTERROGATORY 6.2**

Plaintiff alleges injuries to her back, neck, and abdominal pain

**FORM INTERROGATORY 6.3**

Do you still have any complaints that you attribute to the INCIDENT? If so, for each complaint state:

a)      a description;

b)      whether the complaint is subsiding, remaining the same, or becoming worse; and

- 7 -

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

c)      the frequency and duration.

**RESPONSE TO FORM INTERROGATORY 6.3**

Yes.

(a) Back pain

(b) Remaining the same

(c) Intermittent


(a) Neck pain

(b) Remaining the same

(c) Intermittent


(a) abdominal pain

(b) Periodic

(c) Intermittent

**FORM INTERROGATORY 6.4**

Did you receive any consultation or examination except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the INCIDENT? If so, for each HEALTH CARE PROVIDER state:

a)      the name, ADDRESS, and telephone number;

b)      the type of consultation, examination, or treatment provided;

c)      the dates you received consultation, examination, or treatment; and

d)      the charges to date.

**RESPONSE TO FORM INTERROGATORY 6.4**

**Medical Provider 1:**

a)   Cedar Pointe Chiropractic Group; 235 N Laurel Ave., Ontario CA 91762; Tel: 909-988-2584

b)   Provided chiropractic treatment

– 8 –

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

c) From 03-31-2023 to 04-05-2023

d) $780


**Medical Provider 2:**

a) Jenkins Chiropractic, 1891 N Trekell Rd, #2, Casa Grande, AZ 85122;

   Tel: (520) 836-2969

b) Provided chiropractic treatment

c) 02-23-2023; 03-01-2023;03-06-2023

d) $1195.00


**Medical Provider 3:**

a) Patel Spine Care dba Ocean Spine, PO Box 3129, Torrance, CA 90510,

b) Provided initial evaluation

c) 10-31-2023

d) $2,000.00

**Medical Provider 4:**

a) Neurospine Institute, 1120 West Ave M4, Palmdale, CA, 93551;

b) Tel: 661-480-2377

c) Provided Pain management treatment

d) 07-27-2023 to09-27-2024

e) $47,196.65


**Medical Provider 5:**

a) Anil Date, MD, 27141 Highway Ave, #106, Canyon Country, CA 91351,

   Tel: (818) 365-6632

b) Provided medical evaluation

c) 05-14-2024; 05-15-2024

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

d)  $5,450.00

**Medical Provider 6:**

a)  Precision Occupational Med Group, 809 East Dyer Rd., #311 Santa Ana, CA 92705;

Tel:949-955-0022

b)  Provided neurological treatment

c)  09-26-2023

d)  $2,148.00.

**Medical Provider 7:**

a)  Precise Imaging, 5101 Santa Monica Blvd., #8 Painter Ave, Whittier, CA 90605

Tel: 323-869-0000

b)  Provided MRI Thoracic Spine; Lumbar Spine; Cervical Spine

c)  09-12-2024; 12-06-2024

d)  $2,200.00

**Medical Provider 8:**

a)  SimonMed, 6185 Paseo Del Norte; #110, Carlsbad, CA 92011 Tel: 760-585-7524

e)  Provided X-Ray of lumbar spine; X-Ray of Chest

b)  06-27-2024

c)  $759.25

**Medical Provider 9:**

a)   Living Hope Home Health Care; 3795 La Crescenta Ave, #203 Glendale, CA 91208

Tel: 818-275-3524

b)  Provided physical therapy treatment

c)  08-13-2024 to 09-18-2024

– 10 –

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

d)  $7,000.00

**Medical Provider 10:**

a)  Dream Anesthesia, 5 Holland 101, Irvine CA 92618

    Tel: 818-888-7815

b)  Provided anesthesia

c)  05-22-2024

d)  $5,500.00

**Medical Provider 11:**

a)  Skyline Surgery Center LLC, 25425 Orchard Village Road, #280A, Valencia, CA

    91355; Tel: 661-480-2377

e)  Provided ambulatory surgery care

f)  05-22-2024

g)  $70,000.00

**Medical Provider 12:**

a)  Advanced Spine and Pain, 2525 Greenway Rd, Suite 125, Phoenix, AZ 85023

Tel: 480 - 573-0130

b)  Provided neurological treatment

c)  03-08-2024

d)  $3,232.00

**Medical Provider 13:**

b)  Coastal Medical Group, 12264 El Camino Real, Ste 101, San Diego, CA 92130

    Tel: 858-356-0361

h)  Provided neurological treatment

i)  11-2-2023; 11-30-2023-2023

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

j)  $1,985.00

**Medical Provider 14:**

c)  Rancho Open MRI, 9373 Haven Ave, Ste 150, Rancho Cucamonga, CA 91730

Tel: 909-476-4474

k)  Provided neurological treatment

l)  04-18-2023;

m) Records only

## FORM INTERROGATORY 6.5

Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the INCIDENT? If so, for each medication state:

a)      the name;

b)      the PERSON who prescribed or furnished it;

c)      the date it was prescribed or furnished;

d)      the dates you began and stopped taking it; and

e)      the cost to date.

## RESPONSE TO FORM INTERROGATORY 6.5

Please see Plaintiff's Documents per Form Interrogatory No. 6.4.

Discovery and investigation is ongoing and Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

## FORM INTERROGATORY 6.6

Are there any other medical services necessitated by the injuries that you attribute to the INCIDENT that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:

a)      the nature;

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

b)      the date;

c)      the cost; and

d)      the name, ADDRESS, and telephone number of each provider.

**RESPONSE TO FORM INTERROGATORY 6.6**

No.

Discovery and investigation is ongoing and Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATORY 6.7**

Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries  that you attribute to the INCIDENT? If so, for each injury state:

a)      the name and ADDRESS of each HEALTH CARE PROVIDER;

b)      the complaints for which the treatment was advised; and

c)      the nature, duration, and estimated cost of the treatment.

**RESPONSE TO FORM INTERROGATORY 6.7**

Yes.

Pursuant to C.C.P. § 2030.230, Plaintiff refers to medical records produced in response to Defendant's Request for Production. Plaintiff's medical records contain information regarding what future medical care Plaintiff may require for injuries that he attributes to the INCIDENT.

Discovery and investigation is ongoing and Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATORY 7.1.**

Do you attribute any loss of or damage to a vehicle or other property to the INCIDENT? If so, for each item of property:

a)      describe the property;

b)      describe the nature and location of the damage to the property;

c)      state the amount of damage you are claiming for each item of property and how the amount was calculated; and

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

1        d)    if the property was sold, state the name, ADDRESS, and telephone number of the

2    seller, the date of sale, and the sale price.

3    **RESPONSE TO FORM INTERROGATORY 7.1.**

4        No.

5    **FORM INTERROGATORY 7.2.**

6        Has a written estimate or evaluation been made for any item of property referred to in

7    your answer to the preceding interrogatory? If so, for each estimate or evaluation state:

8        a)    the name, ADDRESS, and telephone number of the PERSON who prepared it and

9    the date prepared;

10       b)    the name, ADDRESS, and telephone number of each PERSON who has a copy of

11   it; and

12       c)    the amount of damage stated.

13   **RESPONSE TO FORM INTERROGATORY 7.2.**

14       No

15   **FORM INTERROGATORY 7.3**

16       Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If

17   so, for each item state:

18       a)    the date repaired;

19       b)    a description of the repair;

20       c)    the repair cost;

21       d)    the name, ADDRESS, and telephone number of the PERSON who repaired it;

22       e)    the name, ADDRESS, and telephone number of the PERSON who paid for the

23   repair.

24   **RESPONSE TO FORM INTERROGATORY 7.3.**

25       Not applicable.

26   **FORM INTERROGATORY 8.1**

27       Do you attribute any loss of income or earning capacity to the INCIDENT? (If your

28   answer is "no," do not answer interrogatories 8.2 through 8.8).

- 14 -

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

**RESPONSE TO FORM INTERROGATORY 8.1-8.8**

No.

As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATORY 9.1**

Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:

a)    the nature;

b)    the date it occurred;

c)    the amount; and

d)    the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

**RESPONSE TO FORM INTERROGATORY 9.1.**

All damages, including but not limited to, the emotional distress suffered on the day of the INCIDENT, and the pain and suffering experienced since the INCIDENT.

Discovery and investigation is ongoing.  As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATORY 9.2**

Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**RESPONSE TO FORM INTERROGATORY 9.2**

Not applicable.

Discovery and investigation is ongoing. As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATORY 10.1**

At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:

– 15 –

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

a)      a description of the complaint or injury;

b)      the dates it began and ended; and

c)      the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

**RESPONSE TO FORM INTERROGATORY 10.1**

No.

Discovery and investigation is ongoing. As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATORY 10.2**

List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. (You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.

**RESPONSE TO FORM INTERROGATORY 10.2**

None.

**FORM INTERROGATORY 10.3**

At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

a)      the date and the place it occurred;

b)      the name, ADDRESS, and telephone number of any other PERSON involved;

c)      the nature of any injuries you sustained;

d)      the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who you consulted or who examined or treated you; and

e)      the nature of the treatment and its duration.

**RESPONSE TO FORM INTERROGATORY 10.3**

Yes.

a)      Plaintiff does not recall at this time.

b)      Plaintiff does not recall at this time;

c)      Back pain;

– 16 –

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

1    d)    Plaintiff does not recall at this time

2    e)    Plaintiff does not recall at this time.

3    Discovery and investigation is ongoing. As discovery continues, Responding Party

4    reserves the right to amend and/or supplement his responses to this interrogatory.

5    **FORM INTERROGATORY 11.1**

6    Except for this action, in the past 10 years have you filed an action or made a written

7    claim or demand for compensation for your personal injuries? If so, for each action, claim, or

8    demand state:

9    a)    the date, time, and place and location (closest street ADDRESS or intersection) of

10    the INCIDENT giving rise o the action, claim, or demand;

11    b)    the name, ADDRESS, and telephone number of each PERSON against whom the

12    claim or demand was made or the action filed;

13    c)    the court, names of the parties, and case number of any action filed;

14    d)    the name, ADDRESS, and telephone number of any attorney representing you;

15    e)    whether the claim or action has been resolved or is pending; and

16    f)    description of the injury.

17    **RESPONSE TO FORM INTERROGATORY 11.1**

18    Yes. Plaintiff is in the process of obtaining the requested information and will provide it

19    upon receipt.

20

21    Discovery and investigation is ongoing. As discovery continues, Responding Party

22    reserves the right to amend and/or supplement his responses to this interrogatory.

23    **FORM INTERROGATORY 11.2**

24    In the past 10 years have you made a written claim or demand for workers' compensation

25    benefits? If so, for each

26    claim or demand state:

27    a)    the date, time, and place of the INCIDENT giving rise to the claim;

28

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

   b)      the name, ADDRESS, and telephone number of your employer at the time of the injury;

   c)      the name, ADDRESS, and telephone number of the workers' compensation insurer and the claim number;

   d)      the period of time during which you received workers' compensation benefits;

   e)      a description of the injury;

   f)      the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who provided services; and

   g)      the case number at the Workers' Compensation Appeals Board.

**RESPONSE TO FORM INTERROGATORY 11.2**

   Yes.

   a)      12/15/2021; NATIONAL DISTRIBUTION CENTERS

   b)      Not identified. Plaintiff's vehicle was hit when parked.

   c)      Action was not filed with Court;

   d)      Not applicable.

   e)      Resolved

   f)      Upper and Lower extremities.

   Discovery and investigation is ongoing. As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATORY 12.1**

   State the name, ADDRESS, and telephone number of each individual:

   a)      who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;

   b)      who made any statement at the scene of the INCIDENT;

   c)      who heard any statements made about the INCIDENT by any individual at the scene; and

   d)      who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).

- 18 -

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

**RESPONSE TO FORM INTERROGATORY 12.1**

  (a) Plaintiff and Defendant

  (b) Plaintiff and Defendant

  (c) Plaintiff and Defendant

  (d) Plaintiff and Defendant

  As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATORY 12.2**

  Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:

  a)  the name, ADDRESS, and telephone number of the individual interviewed;

  b)  the date of the interview; and

  c)  the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

**RESPONSE TO FORM INTERROGATORY 12.2**

  No.

  Discovery and investigation is ongoing. As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATORY 12.3**

  Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:

  a)  the name, ADDRESS, and telephone number of the  individual from whom the statement was obtained;

  b)  the name, ADDRESS, and telephone number of the individual who obtained the statement;

  c)  the date the statement was obtained; and

  d)  the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

**RESPONSE TO FORM INTERROGATORY 12.3**

No.

Discovery and investigation is ongoing. As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATORY 12.4**

Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any photographs, films, or videotapes depicting any place, object, or individual concerning the INCIDENT or plaintiff's injuries? If so, state:

a)    the number of photographs or feet of film or videotape;

b)    the places, objects, or persons photographed, filmed, or videotaped;

c)    the date the photographs, films, or videotapes were taken;

d)    the name, ADDRESS, and telephone number of the individual taking the photographs, films, or videotapes;

e)    the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the photographs, films, or videotapes.

**RESPONSE TO FORM INTERROGATORY 12.4**

None.

Discovery and investigation is ongoing. As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATORY 12.5**

Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the INCIDENT? If so, for each item state:

a)    the type (i.e., diagram, reproduction, or model);

b)    the subject matter; and

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

c)      the name, ADDRESS, and telephone number of each PERSON who has it.

**RESPONSE TO FORM INTERROGATORY 12.5**

No.

Discovery and investigation is ongoing. As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATORY 12.6**

Was a report made by any PERSON concerning the NCIDENT? If so, state:

a)      the name, title, identification number, and employer of the PERSON who made the report;

b)      the date and type of report made;

c)      the name, ADDRESS, and telephone number of the PERSON for whom the report was made; and

d)      the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the report.

**RESPONSE TO FORM INTERROGATTORY 12.6**

No.

Discovery and investigation is ongoing. As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory

**FORM INTERROGATORY 12.7**

Have YOU OR ANYONE ACTING ON YOUR BEHALF inspected the scene of the INCIDENT? If so, for each inspection state:

a)      the name, ADDRESS, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

b)       the date of the inspection.

**RESPONSE TO FORM INTERROGATORY 12.7**

Not to Plaintiff's knowledge.

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

Discovery and investigation is ongoing. As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATORY NO. 13.1:**

Have YOU OR ANYONE ACTING ON YOUR BEHALF conducted surveillance of any individual involved in the INCIDENT or any party to this action? If so, for each surveillance state:

(a) the name, ADDRESS, and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, ADDRESS, and telephone number of the individual who conducted the surveillance; and

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of any surveillance photograph, film, or videotape.

**RESPONSE TO FORM INTERROGATORY NO. 13.1:**

No.

Discovery and investigation is ongoing. As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATORY NO. 13.2:**

Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, ADDRESS, and telephone number of the individual who prepared the report; and

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy.

**RESPONSE TO FORM INTERROGATORY NO. 13.2:**

Not applicable.

Discovery and investigation is ongoing. As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

– 22 –

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

**FORM INTERROGATORY 14.1**

Do YOU OR ANYONE ACTING ON YOUR BEHALF contend that any PERSON involved in the INCIDENT violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the INCIDENT? If so, identify the name, ADDRESS, and telephone number of each PERSON and the statute, ordinance, or regulation that was violated.

**RESPONSE TO FORM INTERROGATORY 14.1**

Yes.

Defendant was in violation of Civil Code §1714

Discovery and investigation is ongoing. As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATTORY 14.2**

Was any PERSON cited or charged with a violation of any statute, ordinance, or regulation as a result of this INCIDENT? If so, for each PERSON state:

a)      the name, ADDRESS, and telephone number of the PERSON;

b)      the statute, ordinance, or regulation allegedly violated;

c)      whether the PERSON entered a plea in response to the citation or charge and, if so, the plea entered; and

d)      the name and ADDRESS of the court or administrative agency, names of the parties, and case number.

**RESPONSE TO FORM INTERROGATORY 14.2**

None to Plaintiff's knowledge.

Discovery and investigation is ongoing. As discovery continues, Responding Party reserves the right to amend and/or supplement his responses to this interrogatory.

**FORM INTERROGATORY NO. 17.1:**

Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;

(b) state all facts upon which you base your response;

– 23 –

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

1    (c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have

2    knowledge of those facts; and

3    (d) identify all DOCUMENTS and other tangible things that support your response and

4    state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT

5    or thing.

6    **RESPONSE TO FORM INTERROGATORY NO. 17.1:**

7    (a) 5; 6; 9; 10; 19

8    (b) Plaintiff`s current residence is 11563 Russet Pl., Adelanto CA 92301

9    (c) Plaintiff, and Plaintiff`s handling attorney

10   (d) Plaintiff is in the process of obtaining the requested documents.

11

12   (a) 7; 8

13   (b) Plaintiff`s lived in the state of Arizona for 6 months at the following address:

14   3818 Fairway Dr., Eloy AZ 85131

15   (c) Plaintiff, and Plaintiff`s handling attorney

16   (d) Plaintiff is in the process of obtaining the requested documents.

17

18   (a) 11

19   (b) Plaintiff is not a citizen of the United States.

20   (c) Plaintiff, and Plaintiff`s handling attorney

21   (d) Plaintiff is in the process of obtaining the requested documents.

22

23   (a) 16

24   (b) Plaintiff Has a Drivers license of the state of Arizona

25   (c) Plaintiff, and Plaintiff`s handling attorney

26   (d) Plaintiff refers **to Exhibit B** of Plaintiff responses to Defendant`s request for

27   Production of Documents, Set 1.

28

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**

a) 17; 18

(b) Plaintiff has not yet filed the Tax return for the past three years.

(c) Plaintiff

(d) None.


Date: <u>August 21, 2025</u>                                    **APEX INJURY ATTORNEYS, INC**

                                                         _____
                                                         Erik Alberts, Esq.
                                                         Attorney for Plaintiff

– 25 –

**PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE**